IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

V.                          Case No. 2:15-CR-20025-PKH-MEF-11

MARIA D. JESUS MARTINEZ                          DEFENDANT/PETITIONER


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Defendant/Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate[,] Set Aside Sentence in Light of Retroactive Effect of Clarifying Amendment (794) filed on September 12, 2016. (Doc. 322) The United States filed its response on October 13, 2016. (Doc. 334) Defendant/Petitioner did not file any reply. The matter is ready for report and recommendation.

### I. Background

On September 16, 2015, Defendant/Petitioner, Maria D. Jesus Martinez ("Martinez"), was named in a multi-defendant Indictment charging her with conspiracy to distribute methamphetamine (Count One), and aiding and abetting in the possession of 50 grams or more of actual methamphetamine with the intent to distribute (Count Seven). (Doc. 17) Martinez was arrested on September 23, 2015, and she appeared for arraignment before the Hon. Mark E. Ford, United States Magistrate Judge, on September 25, 2015, at which time she entered a not guilty plea to the Indictment. (Doc. 65) Mauricio A. Herrera ("Herrera"), a CJA Panel attorney, was appointed to represent Martinez. (Docs. 65, 104)

-1-

On January 19, 2016, Martinez appeared with counsel before the Hon. P. K. Holmes, III, for a change of plea hearing.  (Doc. 154)  A written Plea Agreement was presented to the Court, and Martinez pleaded guilty to Count One of the Indictment charging her with conspiracy to distribute methamphetamine.  (Docs. 154, 155)  The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR").  (Doc. 154)

An initial PSR was prepared by the United States Probation Office on March 31, 2016.  (Doc. 177)  On April 18, 2016, the Government advised that it had no objections to the PSR.  (Doc. 220)  On April 14, 2016, Martinez submitted six objections to the initial PSR, including objections to an enhancement for possessing a dangerous weapon, and asserting that she should receive a decrease based on her participation in the offense pursuant to U.S.S.G. § 3B1.2 as a minimal or minor participant.  (Doc. 211)

On May 3, 2016, a final PSR was submitted to the Court.  (Doc. 248)  In response to Martinez's objection concerning the enhancement for possession of a dangerous weapon (firearm), U. S. Probation reported that based on the investigative material Martinez assisted other co-defendants, including Armando Picazo (her husband), in transporting 4 ½ kilograms of actual methamphetamine from California to Arkansas; that the gun was located in the same room as items related to co-defendant Armando Picazo's drug trafficking activities; and, that it was not clearly improbable that the gun was connected to the offense, so no changes to the PSR were made.  (Doc. 248-1, p. 1)  In response to Martinez's objection asserting that she should receive a reduction for being a minimal or minor participant, U. S. Probation reported that there had been no information provided to indicate that any of the co-defendants directed Martinez to engage in any offense conduct, and that her conduct demonstrated she was more than minimally involved in the conspiracy

and was not substantially less culpable than other participants.  (Doc. 248-1, p. 2)

The final PSR determined that Martinez was accountable for 4.54 kilograms of actual methamphetamine and, as a result, her Base Offense Level was determined to be 38.  (Doc. 248, ¶¶ 24, 25, 30)  This was increased two levels for specific offense characteristics - possession of a dangerous weapon (including a firearm) (Doc. 248, ¶¶ 21, 25, 31), resulting in an Adjusted Offense Level of 40 (Doc. 248, ¶ 35).  After a three-level reduction for acceptance of responsibility, Martinez's Total Offense Level was determined to be 37.  (Doc. 248, ¶¶ 37-39)  Martinez had no criminal history, placing her in Criminal History Category I.  (Doc. 248, ¶ 46)  The statutory maximum term of imprisonment for the offense of conviction is 40 years.  (Doc. 248, ¶ 68)  Based upon a Total Offense Level of 37 and a Criminal History Category of I, Martinez's advisory Guidelines range was determined to be 210 to 262 months imprisonment; however, the statutory maximum sentence is less than the maximum for the Guidelines range, so the advisory Guidelines range was adjusted to 210 to 240 months imprisonment.  (Doc. 248, ¶ 69)

Martinez appeared for sentencing on June 22, 2016.  (Doc. 291)  The Court made inquiry that Martinez was satisfied with her counsel; the PSR was reviewed and adopted; final approval of the Plea Agreement was expressed; Martinez and her counsel were afforded the opportunity to speak and make a statement; and, the Court then imposed a below-guidelines sentence of 120 months imprisonment, three years supervised release, no fine, and a $100.00 special assessment.  (Doc. 291)  Judgment was entered by the Court on June 22, 2016.  (Doc. 297)  The Court's Statement of Reasons (Doc. 299) reflects the Court's determination Martinez was entitled to a variance below the Guidelines range, and it set forth the Court's view that "the defendant became involved in the distribution of methamphetamine due to her husband's involvement and her offense level was

increased significantly due to her participation in planning the delivery of a significant amount of methamphetamine on one occasion." (Doc. 299, p. 4) The Court noted the large amount of methamphetamine drove the Guidelines to a higher level and created a sentencing disparity compared to others in the conspiracy; further determined "the defendant's husband likely had great influence over her"; and, concluded "[a]ll of this, combined with the defendant's lack of criminal history, resulted in warranting a downward variance to the degree imposed." (*Id.*).

Martinez did not pursue a direct appeal from the Judgment.

On September 12, 2016, Martinez filed her *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate[,] Set Aside Sentence in Light of Retroactive Effect of Clarifying Amendment (794) (the "motion"). (Doc. 322) The motion argues that Martinez was deserving of consideration for a minor role adjustment at sentencing. (Doc. 322, p. 2)

The United States' response to the motion was filed on October 13, 2016. (Doc. 334) Martinez did not file a reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).   A thorough review of Martinez's motion and the files and records of this case conclusively shows that Martinez is not entitled to relief, and the undersigned recommends the denial and dismissal of her motion with prejudice without an evidentiary hearing.

## A.  Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255.  This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008).  The Judgment in this case was entered on June 22, 2016.  (Doc. 297)  Had Martinez wished to file an appeal, she was required to do so within 14 days.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Martinez did not file an appeal, and her conviction thus became final on July 6, 2016.  *See Murray v. United States*, 313 Fed. App'x 924 (8th Cir. 2009).  From that date, Martinez had one year, or until July 6, 2017, to timely file her § 2255 habeas petition.  Martinez filed her § 2255 motion on September 12, 2016, well within the

one year limitations period.

### B.  Amendment 794 and Minimal or Minor Role in the Offense

Martinez argues that she was "a mere 'peon' in the entire scheme" and was deserving of consideration for a minor role adjustment.  (Doc. 322, p. 2)  She cites Amendment 794 and alleges that she "didn't receive a greater amount of the spoils, nor did she have contact with the 'higher upper'," therefore qualifying her for consideration.  (*Id*.)  The record demonstrates that the Court considered the factors set forth in Amendment 794, and that Martinez has already benefitted from the Court's determination that she was less culpable than others involved in the offense of conviction.

Defense counsel took measures to present Martinez as less culpable than her co-defendants, and his efforts were successful.  In objections to the initial PSR, defense counsel argued that the gun found in the residence did not belong to Martinez but to her co-defendant husband, and that Martinez "should also receive a decrease based on [her] participation in the offense pursuant to USSG § 3B1.2 as a minimal participant or minor participant."  (Doc. 211, pp. 1-2)  Amendment 794, effective on November 1, 2015, provided clarification of the factors a court is to consider in determining whether a defendant should receive a reduction under U.S.S.G. § 3B1.2 for being a minimal or minor participant in an offense.  Although Martinez's objections to the initial PSR did not result in any revisions to the PSR, defense counsel renewed the arguments in a Sentencing Memorandum in which the factors set forth in Amendment 794 to § 3B1.2 were addressed, and counsel specifically contended that "Defendant meets all these factors[,]" and "[t]herefore, an adjustment should be made as a minimal participant."  (Doc. 261, pp. 3-4)

Although the advisory Guidelines range was 210 to 240 months imprisonment (Doc. 248,

¶ 69), the Court imposed a below-guidelines sentence of 120 months imprisonment. (Doc. 297) The Court's Statement of Reasons sets forth the Court's view that Martinez became involved in the distribution of methamphetamine due to her husband's involvement; that her husband "likely had great influence over her;" and, that such circumstances, combined with Martinez's lack of criminal history, warranted a downward variance to a sentence of 120 months, which the Court found was sufficient but not greater than necessary to comply with the factors of 18 U.S.C. § 3553(a) and provide a just punishment for the offense. (Doc. 299, p. 4) The Court's downward variance amounts to over five levels in the U.S.S.G. Sentencing Table. Based on the record, the undersigned must conclude that the Court carefully considered the factors set forth in Amendment 794, and that Martinez has already received the benefit of a substantial downward variance at sentencing due to the Court's determination of her lesser role in the offense of conviction. Her claim fails.

## C.  Martinez's Claim is Procedurally Defaulted

The Government argues that even if there had been an entitlement to a minor role adjustment, Martinez cannot raise it in a § 2255 motion. The undersigned agrees.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent

counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984).  Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'"  *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted).  "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas."  *Id*.

In this case, Martinez pleaded guilty and did not pursue any relief on direct appeal.  By failing to appeal, Martinez procedurally defaulted the Guidelines claim she now raises.

This procedural default may be excused only if Martinez "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted."  *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68.  "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Martinez makes no such showing here.  She fails to demonstrate how the factual or legal basis for her claim was not reasonably available to her in time to pursue relief on direct appeal.  Defense counsel made an objection to the PSR based on the assertion that Martinez should receive a reduction under U.S.S.G. § 3B1.2 for her role as a minimal or minor participant in the offense.  (Doc. 211, p. 2)  Defense counsel also submitted a sentencing memorandum in which he argued the point.  (Doc. 261)  Martinez was, therefore, clearly aware of the issue in time to pursue relief on

-8-

direct appeal.  She simply failed to do so.

Further, there is no assertion by Martinez that some interference by government officials, or some external impediment, prevented her from raising her claim on direct appeal.

Since Martinez has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice.  *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Additionally, Martinez neither claims nor demonstrates miscarriage of justice through actual innocence.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Martinez has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the Guidelines claim she now asserts, and her § 2255 motion should be dismissed.

### D.  No Entitlement to Relief Under 18 U.S.C. § 3582

Even if the Court were to liberally construe Martinez's § 2255 motion as a motion for sentence reduction under 18 U.S.C. § 3582, Martinez is not entitled to relief.

A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.  *See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996), citing *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir. 1994) (authority to change a sentence must derive from some federal statutory authority).  18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed,

with three exceptions. A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons," *see* 18 U.S.C. § 3582(c)(1)(A); or, (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," *see* 18 U.S.C. § 3582(c)(1)(B); or, (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on a court's own motion, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," *see* 18 U.S.C. § 3582(c)(2). Martinez neither claims nor establishes that any of these exceptions have application to her case.

### E. No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Such are the circumstances in this case where Martinez has alleged no factual or legal support for her claim. Accordingly, the undersigned recommends the summary dismissal of Martinez's § 2255 motion without an evidentiary hearing.

### III. Conclusion

For the reasons and upon the authorities discussed above, Martinez's claim has been procedurally defaulted and is otherwise wholly unsupported by the record in this case. I recommend that Martinez's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 322) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the

district court.

DATED this 23rd day of January, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE